**1762.**

ZUILL
*v.*
BRADLEY.

Upon a full Hearing, it was *ruled*, that as th[ey] were in the ſame Town, and Father and Son, it w[as] a Miſnomer ſufficient to abate the Writ. (2) [C.] *Juſt.* doubted of the Words "*there were.*" H[e] thinks that the Latin Word "*habentur*" is of greate[r] Extent, but ſuppoſes it is not ſufficient to make [it] bad. (3)

---

BLOWER
*v.*
CAMPBELL.

Rec. 1763.
Fol. 16.

Whether the Deſcription "Blackſmith" includes a Nailor or not —*quære.*

## Blower *verſ.* Campbell.

THE Defendant was named in the Writ, Black[ſmith], ſmith, to which he pleaded he was a Nailo[r] and not a Blackſmith, and therefore prays Judg[ment] ment for the Abatement of the Writ.

It was replied that Blackſmith was a genera[l] Name, including many Species, of which a Nailo[r] was one.

The Defendant's Council anſwered that they wer[e] ſo diſtinct that the one knew Nothing of the other['s] Buſineſs, and a Forger, Gunſmith, &c., might a[s] well be called Blackſmith.

*Th[e]*

---

(2) " It ſeems to be only in the caſe of a father and ſon of the ſam[e] names, that the addition is required to be ſtated in a writ where the ſ[on] is made defendant." *Kincaid* v. *Howe*, 10 Maſs. 204. See alſo 5 Dan[e] Ab. 705. To the point that "junior" is no part of a man's nam[e] but an addition uſed to deſcribe and deſignate the perſon, ſee 1 Pic[k.] 388 ; 15 Pick. 7 ; 17 Pick. 200.

(3) It appears, however, by the record, that the judgment was finall[y] given " on the ſecond exception," perhaps on account of the Chief Ju[ſ-] tice's doubt on this point.

*The Court* were unanimoufly of the Opinion that the Writ was good, but for different Reafons; fome becaufe the Defendant had at certain Times done fome Articles of Blackfmith's Work; others for the Reafon aforefaid.

*1762.*

BLOWER
*v.*
CAMPBELL.

---

### Jones *verf.* Belcher.

DEBT upon a Bond given here, which it was fuggefted was for a Debt due in England. Moved that Englifh Intereft only fhould be paid. Cafes in Eq. 288, cited.

But *the Court* were of Opinion, as the Bond was given to a Perfon here, (not the Creditor in England,) and the Debt was become his, New England Intereft ought to be granted. (1)

JONES
*v.*
BELCHER.

Rec. 1762.
Fol. 389.

A Bond given here for a Debt due in England to a third Party, draws New England Intereft.

---

### Minot *verf.* Prout.

DEBT upon a Bond. Defendant pleads as follows: " The faid Timothy comes and defends

MINOT
*v.*
PROUT.

Rec. 1766.
Fol. 78.

Suing and entering upon a Mortgage is no Bar to an Action upon the Bond fecured thereby.

---

(1) This is according to the general rule of computing intereft according to the *lex loci contractus. Winthrop* v. *Carleton*, 12 Mafs. 4. *Von lemert* v. *Porter*, 11 Met. 210. But where intereft is given as damages, the *lex fori* prevails. *Barringer* v. *King*, 5 Gray, 9, 12. *Eaton* v. *Bellus*, 7 Gray, 566.